UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DR. JORGE BUSSE and
JENNIFER FRANKLIN PRESCOTT,

    Plaintiffs,

v.                                      Case No. 2:08-cv-899-FtM-99MAP

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This complaint follows Busse's unsuccessful litigation effort in *Jorg Busse v. Lee County, et al.,* Case No. 2:07-cv-228-FtM-29SPC. After the district judge in that matter dismissed Busse's third amended complaint for failure to state a cause of action, Busse and Prescott (Plaintiffs) filed the instant complaint in state court against the district judge, the previously assigned magistrate judge, and a host of others. Removed to this Court, I issued an order on December 30, 2008, directing the Plaintiffs to show cause by January 16, 2009, why their new complaint should not be dismissed for failure to state a cause of action (doc. 52). The Plaintiffs have failed to respond as directed; accordingly, I recommend their complaint be dismissed with prejudice.

    Busse, acting *pro se*, has filed three related lawsuits in this district. Each centers on a December 10, 1969, resolution passed by the Lee County Board of County Commissioners regarding "public lands" in the Cayo Costa subdivision where he and Prescott own a lot.[1] He

---

[1] Plaintiff Busse has filed two previous lawsuits in the Fort Myers Division: 2:07-cv-228-FtM-29SPC and 2:08-cv-364-FtM-29SPC. In the complaint in the 2:07-cv-228-FtM-29SPC

persistently claims the Board's action violated his rights. Any official, including any lawyer associated with these matters, disagreeing with him is serially named as a defendant in the next lawsuit.

The instant complaint follows that mold and is particularly baseless and vexatious. Totaling seventy-five pages (excluding attachments), the Plaintiffs rant incomprehensibly about every perceived injustice purportedly done by any governmental or judicial actor connected with Busse's litigation efforts. The list of offenders reaches forty-one defendants, including three federal circuit judges, a district judge, a magistrate judge, state court judges, county officials, and assorted lawyers. According to the Plaintiffs, all conspired in various ways or acted purposely and corruptly to deny them their rights. In short, the Plaintiffs are using the judicial forum as a means to "intimidate and heckle" those whom they imagine have done them wrong. *See Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim,* 261 Fed. Appx. 231, 235 (11th Cir. 2008) (district judge, who acted *sua sponte*, appropriately dismissed baseless complaint filed by litigant who sought to use the court as a forum to "intimidate and heckle" those who had allegedly wronged him.)[2] None of their claims has any arguable factual or legal merit. Added to all this, the Plaintiffs have failed to

---

lawsuit, Prescott was not named as a Plaintiff. In the instant action, she identifies herself as a co-owner of the Cayo Costa parcel and has joined Busse as a Plaintiff. Busse has appealed both of them to the Eleventh Circuit. His litigation history before the state courts is just as expansive.

[2] As I noted in my December 30, 2008, order, I considered recommending to the district judge that he dismiss the complaint on grounds that it is frivolous, harassing, and vexatious. Nonetheless, given the circuit's position regarding *sua sponte* dismissals, I issued the response to show cause order permitting the Plaintiffs an opportunity to respond. *See Jefferson Fourteenth Associates, supra* (noting that courts should exercise their inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond; although courts can, if proper procedures are followed, dismiss an action so patently lacking in merit as to be frivolous).

abide by the Court's orders restricting their confrontational style of litigation. For all these reasons, I recommend their complaint (doc. 2) be dismissed with prejudice.

    IT IS SO REPORTED at Tampa, Florida on January 22, 2009.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:    Hon. Richard A. Lazzara
       Counsel of Record
       Plaintiffs, *pro se*