UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


DR. JORGE BUSSE and
JENNIFER FRANKLIN PRESCOTT,

    Plaintiffs,

v.                                                      CASE NO: 2:08-cv-899-UA-MAP

STATE OF FLORIDA, et al.,

    Defendants.
_____/


**O R D E R**

    Pending before the Court is the Report and Recommendation of United States Magistrate Judge Mark A. Pizzo issued January 21, 2009, at docket 121, in which he recommends dismissing Plaintiffs' third amended complaint with prejudice after they failed to respond to his order to show cause issued December 30, 2008, at docket 52, as to why that complaint should not be dismissed. True to their history of engaging in vexatious litigation tactics, Plaintiffs have inundated this Court with no less than ten pleadings challenging the propriety of Judge Pizzo's recommendation in words that are rambling, disjointed, and at times incomprehensible. See dockets 138, 144, 149, 150, 160, 165, 166, 171, 181, and 183. The Court, nevertheless, has undertaken a *de novo* review of the record in light of Plaintiffs' objections. See Macort v. Prem, Inc., 208 Fed.Appx. 781, 783-84 (11th Cir. 2006) (citing Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)). After doing so, and being mindful that a *pro se* plaintiff's complaint must be construed more liberally than one prepared by an attorney, the Court has no hesitancy in

concluding that Judge Pizzo's Report and Recommendation should be adopted, confirmed, and approved in all respects resulting in the dismissal with prejudice of Plaintiffs' third amended complaint.

There is another reason justifying dismissal of this case with prejudice: Plaintiffs' wanton and wilful refusal to abide by the orders of this Court. Such conduct is manifested in their persistent refusal to obey Judge Pizzo's order of December 30, 2008, found at docket 52, directing them to cease and desist from sending correspondence to the chamber's e-mail account of any judge of this Court and their conscious failure to appear before this Court on January 30, 2009, as directed in Judge Pizzo's order of January 9, 2009, found at docket 76, even after the Court warned them that their failure to appear could result in the dismissal of their case with prejudice. See order entered January 12, 2009, at docket 80.[1]

One final matter needs to be addressed by the Court: the issue of whether the undersigned should recuse himself pursuant to the dictates of 28 U.S.C. § 455 because Plaintiffs have sued him in case number 2:09-cv-41-FtM-99TBM. The Court declines to do so for the reasons explained in footnote three of the order entered in that case on January 30, 2009, at docket 8.[2]

Accordingly, it is ordered and adjudged as follows:

---

[1] In the order entered January 30, 2009, at docket 147, immediately following the hearing at which Plaintiffs did not appear, the Court announced its intention to delay any ruling with regard to sanctions to be imposed until after the filing of objections to Judge Pizzo's Report and Recommendation.

[2] The Court notes in that regard that Judge Pizzo's observation in his Report and Recommendation that "[a]ny official, including any lawyer associated with these matters, disagreeing with [Plaintiff Busse] is serially named as a defendant in the next lawsuit[]" proved to be prescient with regard to the undersigned judge.

1) Judge Pizzo's Report and Recommendation issued January 21, 2009, at docket 121, is adopted, confirmed, and approved in all respects and made a part of this order for all purposes.

2) This case is dismissed with prejudice.

3) The Clerk is directed to enter judgment against Plaintiffs and in favor of Defendants, to terminate all pending motions and deadlines, and to close this case.

4) In light of Plaintiffs' persistent history of filing baseless and incomprehensible pleadings which have impacted the resources of this Court, as well as of Defendants,[3] the Clerk is directed not to accept for filing any future pleading submitted by Plaintiffs in this case, except for a notice of appeal from this order.[4]

**DONE AND ORDERED** at Tampa, Florida, on February 4, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[3] See motions for sanctions filed February 3, 2009, at dockets 172 and 174.

[4] See Bafford v. Township Apartments Assoc., Ltd., case number 8:08-cv-724-T-27TGW, docket 7, 2008WL 1817333*4 (M.D. Fla. 2008) (directing clerk not to accept any additional filings except a notice of appeal after *sua sponte* dismissing *pro se* plaintiff's complaint with prejudice as patently frivolous, harassing, and vexatious).